# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SQUARE D COMPANY, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Civil Action No. 06-00459 |
| | ) |
| SCOTT ELECTRIC COMPANY; ET AL., | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the following motions: (1) Square D Company's Motion for Partial Summary Judgment as to Damages against Defendant Edward Vaught d/b/a ABN Direct [DE 105], filed by Plaintiff Square D Company ("Square D") on November 6, 2007; and (2) Scott Electric Company's Motion for Partial Summary Judgment as to Damages against Defendant, Edward Vaught d/b/a ABN Direct [DE 121], filed by Defendant/Cross-Claimant Scott Electric Company ("Scott") on December 13, 2007. As of the date of this Order, Defendant Edward Vaught d/b/a ABN Direct (hereinafter, "ABN") has failed to respond to either motion. The Court will consider each motion in turn.

## FACTS[1]

Plaintiff Square D is a leading manufacturer and supplier of electrical distribution products for both consumer and commercial applications. Docket No. 106, at ¶2 (hereinafter, "Plaintiff's SOF"). Defendant Scott is a regional distributor and supplier of electrical products for commercial and consumer uses. Docket No. 122, at ¶3 (hereinafter, "Scott's SOF"). Defendant ABN sells and distributes electrical components, including counterfeit circuit breakers. Scott's SOF, at ¶4.

---

[1] The Court gleans the following facts from the moving parties' respective statements of undisputed facts.

Defendant ABN is not a Square D authorized distributor and has never had any relationship with Square D.

All Square D circuit breakers bear its federally registered trademarks. Plaintiff's SOF, at ¶7. Square D's marks include a trademark in the overall configuration of its QO® line of circuit breakers, which come in varying models, including the QO® 2020. Plaintiff's SOF, at ¶8.

In late March of 2006, Defendant ABN sold approximately 21,600 Square D QO® 2020 circuit breakers to Defendant Scott.[2] Plaintiff's SOF, at ¶10; Scott's SOF, at ¶¶4, 9, 14. Scott paid Defendant ABN $261,000, including freight, for the shipment. Scott's SOF, at ¶16. In turn, Scott sold approximately 20,000 of the same circuit breakers to companies in Texas and Pennsylvania. Plaintiff's SOF, at ¶11. In early March of 2006, Square D inspected the QO® 2020 circuit breakers purchased from Scott and determined that they were not authentic Square D products. Plaintiff's SOF, at ¶12. In subsequent inspections in June of 2006, Square D examined 17,695 QO® 2020 circuit breakers shipped from Scott and determined that all were counterfeit. Plaintiff's SOF, at ¶12.

With the exception of the above documents provided by ABN to Square D, Defendant ABN has not participated in this litigation. Plaintiff's SOF, at ¶¶17-18; Scott's SOF, at ¶21. Through separate litigation by way of a known counterfeiter, Square D determined that QO® 2020 circuit breakers may be obtained on the black market for $1.25 per breaker. Plaintiff's SOF, at ¶14.

Pursuant to Local Rule 56.1(E), because Defendant Vaught has failed to respond to the

---

[2] Defendant ABN has confirmed this shipment. On December 19, 2006, Defendant ABN faxed a document to counsel for Square D summarizing its sales of circuit breakers from 2005-2006, which indicated that on March 20, 2006, ABN sold 21,600 QO® 2020 circuit breakers at a price of $12 per breaker. Plaintiff's SOF, at ¶15. On or about August 1, 2007, ABN mailed "unverified, undated, Answers to Requests for Admission" to counsel for the Plaintiff, in which ABN again admits that it sold 21,600 QO® 2020 circuit breakers to Scott.

alleged material facts set forth in Square D's and Scott's statements of undisputed facts, for the purposes of the instant motions, all said facts are deemed admitted. *See* W.D. Pa. L.R. 56.1(E); *see also Gajdos v. Missig*, Civil Action No. 06-1362, 2008 WL 147150, at *1 n.1 (W.D. Pa. Jan. 14, 2008) (McVerry, J.); *Goral v. Pyramid Healthcare*, No. 2:06cv1430, 2008 WL 144201, at *2 n. 1(W.D. Pa. Jan. 11, 2008) (Cercone, J.).

## PROCEDURAL HISTORY[3]

On April 7, 2006, Plaintiff Square D commenced this lawsuit by filing a Verified Complaint against Defendant Scott and Bossert's Hardware and Sporting Goods Store, alleging the sale of counterfeit goods in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1), as to Defendants Scott and Bossert) as well as the use of false and deceptive advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), commercial disparagement, and tortious interference with existing and prospective business relations, all as to Defendant Scott.[4] On June 29, 2006, the Court granted Plaintiff's Motion for Leave to File Amended Complaint, which Plaintiff subsequently filed that same day, *see* Docket No. 31 (Verified Amended Complaint), naming Defendants ABN and Globe Electric Supply Company Inc. In its Verified Amended Complaint, Plaintiff pled three causes of actions against all Defendants, specifically the sale of counterfeit goods in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1) as well as tortious interference with contract and tortious interference with existing and prospective business relations under the common law of Pennsylvania. In short, Plaintiff Square D alleged that Defendants Scott, ABN, and Globe

---

[3] The Court only recounts the procedural history relevant to the pending motions.

[4] On June 28, 2006, the Court granted Plaintiff's Motion to Voluntarily Dismiss Bossert's Hardware, dismissing the same without prejudice or cost.

unlawfully imported, distributed, and sold counterfeit Square D products thereby posing a serious threat to consumer safety.

On August 2, 2006, Defendant Scott filed a Cross-claim against Defendant ABN.

On October 11, 2006, Plaintiff Square D filed a Motion for Default Judgment against Edward Vaught d/b/a ABN Direct, *see* Docket No. 40, which the Court granted on October 30, 2006, entering default judgment pursuant to Federal Rule of Civil Procedure 55 in favor of Square D and against Defendant ABN and adjudging the following: Defendant Edward Vaught, d/b/a ABN Direct, and its agents, representatives, officers, and employees are permanently and finally enjoined and restrained from importing, exporting, marketing, selling, distributing or purchasing (either directly or indirectly) any counterfeit or authentic products; Defendant Vaught shall account to Square D for each and every purchase and sale of counterfeit breakers; Defendant Vaught shall turn over to Square D any counterfeit Square D products; and Defendant Vaught shall disgorge its profits from the sales of counterfeit Square D products and pay Square D attorneys' fees and costs expended in pursuing this litigation, in an amount to be determined at a hearing before the Court. *See* Docket No. 48, at 1-2.[5]

On February 23, 2007, Scott filed a Motion for Default Judgment against Edward Vaught d/b/a ABN Direct, *see* Docket No. 59, which the Court granted on March 5, 2007, entering default judgment pursuant to Federal Rule of Civil Procedure 55 in favor of Scott and against Defendant ABN and adjudging that Defendant ABN shall pay damages to Scott in the amount of $261,000 in

---

[5] Also on October 30, 2006, the Court denied as moot Plaintiff's Motion for Default Judgment against Defendant Globe Electric Supply Co., Inc. *See* October 30, 2006 text entry.

liquidated damages as immediate payment, *see* Docket No. 62.[6]

**STANDARD**

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (2007).[7] In deciding a summary judgment motion, the court must "view the evidence ...through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986)).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d

---

[6] On April 6, 2007, the instant matter was reassigned to the undersigned Judge.

[7] On December 1, 2007, Fed.R.Civ.P. 56 amendments went into effect. At the time of the filing of the briefs the 1987 version of Rule 56 was in effect. The changes to Rule 56 are stylistic only and do not effect the disposition of the motions before this Court. *See* Fed.R.Civ.P. 56 advisory comm. nn. 2007 amend. (West 2007).

1224, 1230 (3d Cir. 1993). Thus, the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing a genuine issue for trial," Fed.R.Civ.P. 56(e)(2) (2007), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a motion for summary judgment. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citing *Celotex*, 477 U.S. at 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n.3 (3d Cir. 1998) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994)). "If the opposing party does not so respond, summary judge *should*, if appropriate, be entered against the party." Fed.R.Civ.P. 56(e)(2) (emphasis added).

## ANALYSIS

1. *Square D's motion for partial summary judgment*

In its motion, Square D asserts that it is entitled to disgorgement of Defendant Vaught's profits, and, as such, Square D requests partial summary judgment as to damages in the amount of $232,200. In the alternative, Square D requests statutory damages under the Lanham Act in the amount of $500,000 or in a reasonable amount to be determined by the Court.

Having considered Plaintiff's motion and the attached exhibits and noting that all undisputed facts set forth in Square D's motion have been admitted by way of Defendant ABN's failure to respond to the same, the Court finds that Square D is entitled to partial summary judgment as to damages in the amount of $232,200.

2. *Scott's motion for partial summary judgment*

In its motion, Scott requests summary judgment against Defendant ABN for damages in the in the amount of $261,100.

Having considered Scott's motion and the attached exhibits and noting that all undisputed facts set forth in Scott's have been admitted by way of Defendant ABN's failure to respond to the same, the Court finds that Scott is entitled to partial summary judgment as to damages in the amount of $261,100.

3.  *Conclusion*

Based on the foregoing, the Court **GRANTS** Square D Company's Motion for Partial Summary Judgment as to Damages against Defendant Edward Vaught d/b/a ABN Direct [DE 105] and **GRANTS** Scott Electric Company's Motion for Partial Summary Judgment as to Damages against Defendant Edward Vaught d/b/a ABN Direct [DE 121]. Appropriate Orders to follow.

> *s/ Nora Barry Fischer*
> Nora Barry Fischer
> United States District Judge

cc:     All counsel of record.

Date:   January 28, 2008.