# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SQUARE D COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-459 |
| | ) | |
| SCOTT ELECTRIC COMPANY, ET AL., | ) | |
|     Defendant. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on Square D Company's Motion to Dismiss Globe Electric's Counterclaims [DE 133].

As to the first counterclaim, the Court advises Defendant Globe that it is unable to glean from its Verified Answer, Counterclaim and Cross Claim [DE 125] what the first counterclaim sounds in, i.e., breach of contract, fraudulent misrepresentation, or another common law or statutory tort.[1] As to the second counterclaim, Defendant Square D fails to plead the elements of a claim for "tortious interference with business," [DE 125], specifically the presence of an existing or future contract and purposeful action by Plaintiff Square D. *See Latuszewski v. Valic Financial Advisors, Inc.*, Civil Action No. 03-0540, 2007 WL 4462739, at *19 (W.D. Pa. Dec. 19, 2007) ("The elements of a claim for tortious interference with existing and prospective contract are: (1) existence of a contract or prospective contract; (2) purposeful action specifically intended to harm the existing relationship or to prevent the relationship from occurring; (3) the absence of privilege or justification; and (4) actual damages") (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 985 (Pa.Super. 1997). *See also Phillips v. Count of Allegheny*, --- F.3d ----, 2008 WL 305025, at *6 (3d Cir. Feb. 5, 2008)

---

[1] Moreover, the counterclaim appears to arise out of a Settlement Conference with this Court and implicates counsel for the Plaintiff, however the counterclaim is against Plaintiff Square D Company only.

(discussing the pleading standard on a motion to dismiss and " 'stating [that] ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element" but that the same " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element") (citing *Bell Atlantic Corporation v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Further, at the most basic level, it is unclear whether Defendant Globe pleads interference with existing or future contractual relations.

Accordingly, based on the foregoing, and in light of the Supreme Court's recent ruling in *Bell Atlantic Corporation*, --- U.S. ---, 127 S.Ct. 1955 as well as the Third Circuit's interpretation of *Bell Atlantic* in *Phillips,* 2008 WL 305025, at *2-7, the Court grants Square D Company's Motion to Dismiss Globe Electric's Counterclaims [DE 133] but, because the Court is unable to say (at this point) that Defendant Globe's proposed counterclaims are futile, the Court grants Defendant Globe leave to amend and re-file its counterclaims within thirty (30) days of this Order. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (providing that in the event that a complaint fails to state a claim, district court should allow amendment unless to do so would be futile).

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: February 14, 2008

cc/ecf: All counsel of record.