# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SQUARE D COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SCOTT ELECTRIC COMPANY; ET AL., ) <br> ) <br> Defendants. ) | Civil Action No. 06-00459 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on Square D Company's Motion for Leave to Conduct Discovery Regarding Personal Jurisdiction [162], filed by Plaintiff Square D Company ("Square D") on March 12, 2008. In short, Square D requests leave to conduct jurisdictional discovery as to Defendants Any Electric, LLC and Steven Mandel. On March 20, 2008, Defendants Any Electric and Mandel filed their Memorandum of Law of Any Electric LLC and Steven Mandel in Opposition to Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Docket No. 163), in which they argue that Plaintiff has failed to demonstrate a prima facie case of personal jurisdiction over them. In particular, Defendants asserts that Square D has failed to carry its burden insofar as it did not establish jurisdictional facts by way of affidavit or other competent evidence. Finally, after the Court granted it leave to do so, Square D filed Square D Company's Reply in Support of its Motion for Leave to Conduct Discovery Regarding Personal Jurisdiction (Docket No. 172).

A court has discretion to allow discovery when considering a motion to dismiss for lack of personal jurisdiction. *Streamlight, Inc. v. ADT Tools, Inc.*, No. Civ.A. 03-1481, 2003 WL 22594316, at *4 (E.D. Pa. Oct. 9, 2003) (citations omitted). Generally, jurisdictional discovery is allowed

unless the plaintiff's claim is "clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Assoc*., 107 F.3d 1026, 1042 (3d Cir. 1997).

"Parties are entitled to a fair opportunity to engage in jurisdictional discovery to obtain facts necessary for thorough consideration of the [jurisdictional] issue." *Southern Ocean Seafood Co. v. Holt Cargo Systems, Inc.*, No. 96-5217, 1997 WL 539763, at *8 (E.D. Pa. Aug. 11, 1997) (citing *Federal Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1285 n. 11 (3d Cir. 1993). A court can deny jurisdictional discovery where the party that bears the burden of establishing jurisdiction fails to establish a "threshold prima facie showing" of personal jurisdiction. *See Southern Ocean Seafood Co.*, 1997 WL 539763, at *8. On the other hand, if a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff's right to conduct jurisdictional discovery should be sustained. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); *Mellon Bank PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). The Court now turns to the question of whether Plaintiff has made a *prima facie* showing of personal jurisdiction over Defendants Any Electric and Mandel.

In its Second Amended Complaint, Plaintiff alleges that Defendant Any Electric as well as Defendant Mandel, as an officer and owner of Any Electric, imports and sells "electrical components, including counterfeit circuit breakers, within the United States, including Pennsylvania." (Docket No. 116, at ¶¶5-6) (Second Amended Complaint). In the Court's estimation, such is sufficient to establish a prima facie showing of personal jurisdiction for the purposes of allowing jurisdictional discovery, only. In particular, as pointed by Plaintiff, Defendant Mandel has submitted sworn testimony demonstrating Any Electric's business dealings in

2

Pennsylvania, albeit, according to him, less than one percent of Any Electric's sales.  (*See* Docket No. 156, at ¶9).  Considering the standard that appears to favor jurisdictional discovery, *see Renner v. Lanard Toys Limited*, 33 F.3d 277, 283 (3d Cir. 1994), the Court finds that the Plaintiff has made a prima facie showing of personal jurisdiction over Defendants Any Electric and Mandel sufficient to warrant limited discovery.  *See generally* 42 Pa. Cons.Stat. § 5322 (2005).

In its response in opposition, Defendants Any Electric and Mandel assert that Plaintiff has failed to make a threshold prima facie showing of personal jurisdiction.  In particular, Defendants Any Electric and Mandel emphasize the lack of "affidavits or other documentary evidence or any facts suggesting that Any Electric of Steven Mandel have any contacts with the Commonwealth of Pennsylvania."  (Docket No. 163 at 2).  In support of its argument, Defendants Any Electric and Mandel primarily rely on *Rose v. Granite City Police Dep't*, 813 F.Supp.319 (E.D. Pa. 1993),in which the court held that it lacked jurisdiction over an Illinois city and its police department regarding a claim by a Pennsylvania resident alleging that his motor home was vandalized and several items disappeared therefrom while in the custody of the defendants for over a year.  *Id.* at 320.  In particular, Defendants seemingly rely on the following passage:

> A plaintiff must sustain his burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. A plaintiff may not rely on the bare pleadings alone in order to withstand dismissal.

*Id.* at 321 (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984)).  However, said passage refers to requirements on a motion to dismiss not on a motion for jurisdictional discovery, as the preceding sentence plainly indicates: "On a motion to dismiss for lack of personal jurisdiction the plaintiff bears the burden to establish the court's jurisdiction over the

3

defendants." *Id.* at 321 (citation omitted). Thus, Defendants' argument that a request for jurisdictional discovery requires affidavits or other competent evidence is not supported by the case law. However, as to jurisdictional discovery, the issue currently before this Court, the Court in *Granite City* merely noted that "[a] district court has discretion whether to hold in abeyance a decision on a motion to dismiss for lack of personal jurisdiction to enable a party to employ discovery on the jurisdictional issue," *id,* a point with which this Court agrees. In *Granite City*, the Court simply declined to exercise its discretion because the plaintiff had not meet the threshold prima facie showing that the Court there had jurisdiction over the persons of defendants. On the contrary here, because Plaintiff has made such a showing, the Court will exercise its discretion and allow limited discovery.

In addition, a cursory review of the case relied by the Court in *Granite City* reveals that the requirement of "sworn affidavits or other competent evidence" (to the extent that such a requirement exists) applies not to a motion for jurisdictional discovery but to a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).[1] From a broader perspective, Defendants' argument that a

---

1

Specifically, *Time Share* requires the following in response to a motion to dismiss for lack of personal jurisdiction:

> A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. Contrary to the dissent's suggestion, therefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. *See*

4

motion for jurisdictional discovery requires affidavits or other competent evidence in support of the basis for jurisdiction turns jurisdictional discovery on its head in that a plaintiff cannot possibly gather the facts in support of such evidence without jurisdictional discovery. Hence, in the apt words of Plaintiff, Defendants have put the cart before the horse.

Accordingly, because this Court cannot say that Plaintiff's claims against Defendants Any Electric and Mandel are frivolous let alone "clearly frivolous" and because the Court finds that Plaintiff has alleged enough facts to establish a prima facie case of personal jurisdiction, and considering the standard, *see Renner, supra*, the Court will allow limited discovery. However, in the interests of judicial efficiency, the Court will limit the scope of the discovery to personal jurisdiction of Defendants Any Electric and Mandel. *See Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd.*, 64 F.Supp.2d 448, 454 (E.D. Pa.1999) (providing that "the scope of this discovery is within the court's discretion").

Based on the foregoing, the Court GRANTS Square D Company's Motion for Leave to Conduct Discovery Regarding Personal Jurisdiction [162]. Plaintiff Square D Company shall have until June 25, 2008, within which to conduct discovery (including paper and depositions) *limited* to the personal jurisdiction of Defendants Any Electric and Mandel. Thereafter, Plaintiff shall respond to the pending Motion of Defendants Any Electric LLC and Steven Mandel to Dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(2) for Lack of Personal Jurisdiction (Docket No. 155) by July 7, 2008. Defendants Any Electric and Mandel shall have until July 14, 2008, within which

---

> *International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982). Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Time Share Vacation Club*, 735 F.2d at 66 n.9.

to file a reply. No further briefing will be allowed.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: All counsel of record.

Date: April 25, 2008.