# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SQUARE D COMPANY,<br>　　　Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No. 06-00459<br>) Judge Nora Barry Fischer |
| SCOTT ELECTRIC COMPANY, ET AL.,<br>　　　Defendants. | )<br>)<br>) |

## MEMORANDUM ORDER

This matter is before the Court on a Motion Seeking a Protective Order Clarifying the Previously Entered Order of the Court Dated November 14th, 2007[1] [171], filed by Defendant Globe Electric Supply Co. on March 31, 2008. At its core (and in its title), Globe's motion requests three forms of relief, specifically that the Court enter an order: (1) limiting the forensic inspection "to a set time and cost to avoid a fishing expedition," (Docket No. 171 at ¶1); (2) modifying the August 21, 2006 Agreed Order for Temporary Injunctive Relief (*see* Docket No. 38); and (3) "[p]rohibiting the release of press releases and information intentionally disseminating false and/or misleading information regarding GLOBE alleging its sale, purchase, and/or possession of counterfeit SQUARE D breakers," (Docket No. 171 at ¶3) (emphases in original). However, in its "Momorandum [sic]" (Docket No. 171-5), which the Court reads as a brief in support of the motion,[2] Globe also requests that the Court either (1) hold in abeyance the second depositions of Julius Rosenzweig, Joel Mandel, and Avi Mandel until after the Court's ruling on the Motion of Defendants Any Electric, LLC and

---

[1] The Court recognizes that the title of the motion includes the relief requested.

[2] In this brief in support, Globe only provides argument as to the proposed forensic inspection and modifications to the August 21, 2006 Agreed Order but fails to mention the prohibition against the release of information related to Globe's alleged sale, purchase, and/or possession of counterfeit Square D breakers.

Steven Mandel to Dismiss Plaintiff's Second Amended Complaint Under Rule 12(b)(2) for Lack of Personal Jurisdiction (Docket No. 155), or (2) limit said depositions to the new allegations in Plaintiff's Second Amended Complaint. On April 10, 2008, Plaintiff filed Square D's Response to Globe's Motion for Protective Order (Docket No. 175), and on April 18, 2008, Globe filed its Reply Affirmation (Docket No. 176). The Court will address each requested form of relief in turn.

1. *Forensic inspection*

Globe requests that the Court limit the forensic inspection to a set time period and cost to avoid a fishing expedition. (Docket No. 171 at ¶1). In support, Globe attaches an Affidavit of Boris Rosenstein, who asserts that the lack of any limits on the inspection will result in "staggering" costs. (Docket No. 174 at ¶5).

Globe's (and its technician's) assertion that the forensic inspection constitutes a fishing expedition ignores this Court's previous Orders. In its June 12, 2006 Order as well as its November 14, 2007 Memorandum Opinion and Order, the Court specifically and unequivocally ordered that the forensic inspection (of Globe's computer system) would be tailored and limited to Square D circuit breakers. (*See* Docket No. 73 at ¶4; Docket No. 110 at 15-21). Yet, Globe has filed another motion to limit the breadth of the forensic inspection in terms of time period and cost.[3] As to the former, Globe's request is subsumed by the Court's limitation of the forensic inspection to Square D circuit breakers. For example, if Globe first sold Square D circuit breakers in 1995, then the

---

[3] As a practical point, the Court notes that while Globe requests that the Court set time period and cost limitations on the forensic inspection, it wholly fails to recommend said limitations and any attempt by the Court to do so without proper evidence set forth by Globe would be speculative. Hence, from this perspective, the Court declines to set additional parameters on the forensic inspection.

forensic inspection may properly reach back that far. As to the latter, the Court refuses to set a dollar amount on the forensic inspection. As the Court has on at least two occasions already delineated the scope of the forensic inspection, i.e., limited to Defendant Globe's sale of Square D circuit breakers, the Court denies Globe's motion to the extent that it requests additional limitations on the forensic inspection.

Finally, Globe requests that "initial costs" should be borne by Plaintiff Square D. (Docket No. 171-5 at 3). Once again, as the Court has previously ordered that Globe shall bear all costs related to the forensic inspection, the Court denies the same. Globe shall submit to the forensic inspection within thirty days of this Order, or at another time convenient for both parties but no later than the close of discovery. Failure to do so may result in further sanctions.

2.   *Modifications to August 21, 2006 Agreed Order*

Globe requests that the Court enter an order modifying the August 21, 2006 Agreed Order for Temporary Injunctive Relief, which the Plaintiff Square D and Defendant Globe filed jointly by way of a consented motion. (*See* Docket Nos. 37 & 38). In particular, Globe seeks to limit the Agreed Order in order to allow it to sell and purchase certain non-counterfeit items.

While the Court recognizes its authority to amend the August 21, 2006 Agreed Order for Temporary Injunctive Relief, the Court finds Globe's request premature insofar as discovery is on-going. Accordingly, the Court denies Globe's request without prejudice and with leave to re-file at a later and more appropriate time.

3.   *Prohibition of information*

In its motion although not in its "Momorandum [sic]," Globe requests some type of order from the Court "[p]rohibiting the release of press releases and information intentionally

disseminating false and/or misleading information regarding GLOBE alleging its sale, purchase, and/or possession of counterfeit SQUARE D breakers." (Docket No. 171 at ¶3) (emphases in original). Because the Court has previously considered and denied the same requested relief, (*see* Docket No. 110 at 16-17 n.15), the Court denies Globe's motion to the extent that it once again requests the same. Furthermore, from a practical perspective, the Court opines that the most efficient and effective way for Globe to stop the dissemination of alleged misleading information (to the extent the same has occurred) is to obey the orders of this Court and complete discovery, at which time it may file a summary judgment motion.

4. *Second depositions of Rosenzweig, Joel Mandel and Avi Mandel*

In its "Momorandum [sic]" although not in its motion, Globe requests that Court delay the depositions of Rosenzweig, Joel Mandel, and Avi Mandel until after the completion of jurisdictional discovery as to Defendants Any Electric, LLC and Steven Mandel, or limit the scope of said depositions to the amended allegations in the Complaint. (Docket No. 171-5 at 1-2).

As a threshold point, the Court notes that Plaintiff has not filed a formal motion requesting leave of court to re-depose Rosenzweig, Joel Mandel, and Avi Mandel, as required by Rule 30(a)(2)(A)(ii). Nevertheless, in the interests of judicial efficiency and in order to prevent unnecessary motions practice, the Court construes Plaintiff's response to the instant motion as a request to re-depose said individuals. (*See* Docket No. 175 at 5) ("Discovery is open and Square D seeks to re-depose Globe principals, Rosenzweig, J. Mandel, and A. Mandel, on the direct issues raised by Square D's Second Amended Complaint"). Considering the applicable standard under Rule 26(b)(2), in particular Square D's recent Second Amended Complaint and the addition of new parties and new allegations, the Court will allow Plaintiff Square D to re-depose Rosenzweig, Joel

4

Mandel, and Avi Mandel, but only to the extent outlined below. The Court now turns to Globe's requested alternative relief related to the second depositions.

As to Globe's request to delay the same, considering the continual delays in discovery as well as the status of the case, the Court denies Globe's request for any further delay in said depositions. As to Globe's request to limit the scope of the same, while Globe's request is well taken, Plaintiff specifically concedes as much in its response, (*see* Docket No. 175 at 5) (limiting second depositions to "discreet issues raised by Square D's Second Amended Complaint"), which reveals to this Court that (at least) this portion of Globe's motion could have been avoided had Globe met and conferred with Plaintiff before filing the instant motion, as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1(A).[4] Hence, Globe's request to limit the scope of the second depositions is denied as moot. However, Globe also requests that said depositions be conducted at counsel for Globe's office, which the Court finds reasonable, and the parties shall bear their own respective costs related thereto.

In summary, the Court will allow Plaintiff to re-depose Messieurs Rosenzweig, Joel Mandel, and Avi Mandel but limited to new allegations in the Second Amended Complaint (Docket No. 116) with each party to bear their own costs.[5] Counsel for Globe shall make said individuals available at the offices of Globe within thirty days of this Order, so that said depositions are concluded

---

[4] At the very least, Globe failed to attach the required certification that it conferred or attempted to confer in good faith in an effort to resolve this discovery dispute without court action. *See* Fed.R.Civ.P. 37(a)(1).

[5] In its response, Plaintiff proposes five topics encompassing the second depositions, which the Court finds reasonable. However, the Court reminds Plaintiff that the 7-hour time requirement in Rule 30(d)(1) still applies and counsel for Square D has not requested an extension.

promptly.

5.   *Conclusion*

Based on the foregoing, the Court GRANTS in part and DENIES in part Globe's Motion Seeking a Protective Order Clarifying the Previously Entered Order of the Court Dated November 14th, 2007 [171]. The Court grants said motion to the extent that it seeks to limit the second depositions of Rosenzweig, Joel Mandel and Avi Mandel to the new allegations in the Second Amended Complaint. The Court denies said motion in all other respects.

Finally, the Court expresses its frustration with the continual problems surrounding discovery in this matter. The Court ADVISES the parties as well as counsel that failure to comply with the instant Memorandum Order in all respects may result in harsh sanctions, including but not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses , or from introducing designated matters into evidence" or "rendering a default judgment against a disobedient party." *See generally* Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii).

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:   All counsel of record.

Date:   April 30, 2008.