# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SQUARE D COMPANY, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-00459 |
| ) | Judge Nora Barry Fischer |
| SCOTT ELECTRIC COMPANY, ET AL., ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This matter is before the Court on Square D Company's Motion to Dismiss Globe Electric's Amended Counterclaims [166], filed by Plaintiff Square D Company on March 24, 2008, in which Square D moves for dismissal of Defendant Globe Electric Supply Company's amended counterclaims sounding in (1) fraudulent misrepresentation and (2) tortious interference with business.

Briefly, the relevant factual and procedural background pertinent to the instant motion are as follows.[1] Square D is a leading manufacturer and supplier of electrical distribution products for both consumer and commercial applications and Defendant Globe sells electrical components, including circuit breakers. This case involves the alleged purchase and importation as well as sale and distribution of counterfeit circuit breakers by (among others) Defendant Globe. On November 28, 2007, Plaintiff Square D filed a Second Amended Complaint, in which Plaintiff added two additional defendants: Any Electric, LLC and Steven Mandel. On December 26, 2007, Defendant Globe filed its Verified Answer, Counterclaim and Cross Claim (Docket No. 125), in which it asserted two counterclaims against Plaintiff. Ruling on Square D Company's Motion to Dismiss

---

[1] As the parties are familiar with the long and convoluted history to this case, the Court will only provide a brief recitation.

Globe Electric's Counterclaims (Docket No. 133), on February 15, 2008, the Court issued a Memorandum Order, granting Square D's first motion to dismiss and dismissing without prejudice Globe's counterclaims but granting leave to re-file. On March 10, 2008, Globe filed its Verified Answer, Amended Counterclaim and Cross Claim (Docket No. 159), which precipitated the instant motion to dismiss, the second from Plaintiff Square D as to Globe's counterclaims.

**STANDARD**

Under *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1963 (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See Phillips v. Count of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (declining to read *Twombly* "so narrowly as to limit its holding on plausibility to the antitrust context" and noting that plausibility is related to the requirement of a Rule 8 "showing").[2] As still required post-*Twombly*, the Court accepts all well-pled material allegations in Defendant's Counterclaim as true and draws all reasonable inferences therefrom in her favor. *Id.* at 1964-65 & 1969 n.8. *See McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v.*

---

[2]

The Court in *Phillips* clarified the effect of *Twombly*, providing the following guidance:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'

*Phillips*, 515 F.3d at 233 (citing *Twombly*, 127 S.Ct. at 1964).

*Lowery*, 117 F.3d 723, 726 (3d Cir. 1997) ("In determining the sufficiency of the complaint the court must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs")). A complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

## ANALYSIS

In its motion, Plaintiff Square D moves to dismiss with prejudice Globe's counterclaims for misrepresentation and tortious interference with business relations. The Court will address each counterclaim in turn.

1. *Misrepresentation*

Pennsylvania recognizes three different types of misrepresentation: intentional misrepresentation, negligent misrepresentation, and innocent misrepresentation. *Coronado Condominium Ass'n, Inc. v. Iron Stone Coronado, L.P.*, No. 2691 DEC, TERM 2004, 2005 WL 3036541, at *2 (Pa.Com.Pl. Nov. 7, 2005) (citing *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999)). While Globe fails to specify the nature of its misrepresentation counterclaim, Globe appears to assert

3

a counterclaim for intentional misrepresentation and the Court will construe it as such.[3] (*See* Docket No. 159 at ¶¶18, 33, & 37).

Under Pennsylvania law, the elements for intentional misrepresentation are equivalent to that of fraud: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or with recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) injury resulting and proximately caused by the reliance." *Freedom Medical Inc. v. Gillespie*, 2007 WL 2480056, at *20 (E.D. Pa. 2007) (citing *Gibbs v. Ernst*, 647 A.2d 882 (Pa. 1994)). As such, the heightened pleading standard under Rule 9(b) applies, to which the Court now turns.[4] *See Guaranty Towers, LLC v. Cellco Partnership*, Civil No. 1:CV-07-0554, 2007 WL 2617651, at *5 (M.D. Pa. Sept. 6, 2007) (applying Rule 9(b) to an intentional misrepresentation claim).

Rule 9(b) requires the following: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). The purpose of Rule 9(b) is "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Industrial Machinery Corporation v. Southmost Machinery Corporation*, 742 F.2d 786, 791 (3d Cir. 1984); *see also In re Burlington Coat Factory*, 114 F.3d at 1418 ("Rule 9(b)'s heightened pleading

---

[3] Plaintiff Square D also reads Globe's counterclaim as one for intentional misrepresentation. (*See* Docket No. 167 at 6-11).

[4] Because Rule 9(b) only applies to Globe's counterclaim for intentional misrepresentation and not its counterclaim for tortious interference with business relations, a discussion of Rule 9(b) is more appropriate here (as opposed to in the "Standard" section of this Memorandum Order).

standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements"). To comply with Rule 9(b), the allegations in a complaint must provide the "who, what, when, where, and how: the first paragraph of a newspaper story would satisfy the particularity requirements." *Sun Company, Inc.*, 939 F.Supp. at 369 (citation omitted). For example, a plaintiff may satisfy Rule 9(b)'s particularity requirement by pleading the "date, place or time" of the fraud, or "through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004) (quoting *Seville*, 742 F.2d at 791).

From a general perspective, Globe's counterclaim for intentional misrepresentation falls far short of the level of specificity required by Rule 9(b). More specifically, as pointed out by Plaintiff Square D, only two paragraphs in Globe's Counterclaim even vaguely resemble an allegation of intentional misrepresentation.[5]

First, Globe asserts the following against Square D:

> PLAINTIFF intentionally misrepresented the foregoing information wrongfully alleging, with no good faith basis, or any basis at all, that GLOBE imported SQUARE D product from China, had documentary evidence in support thereof, which upon production was the same documents as disclosed at the 'settlement conference' and which did not, in any way, shape, or form support the false allegations contained within the second amended complaint.

---

[5] Plaintiff Square D also addresses the possibility of an intentional misrepresentation found at ¶38. (*See* Docket No. 167 at 10-11). However, Globe does not allege any false representation in that paragraph, but instead merely recounts alleged statements made by Square D to other parties, specifically that it no longer wished to conduct business with Globe. Such does not (and cannot) amount to an intentional misrepresentation.

(Docket No. 159 at ¶33) (emphases in original). In other words, Globe asserts intentional misrepresentation based on Plaintiff's statement in its Second Amended Complaint that Globe imported Square D circuit breakers from China, specifically that Plaintiff has no good faith basis for the same allegation. The Court finds that Square D is entitled to absolute judicial privilege with regard to allegations made in its Second Amended Complaint in that Plaintiff's statements are plainly relevant to the instant matter. *See Post v. Mendel*, 507 A.2d 351, 355 (Pa. 1986) (noting that the protection of communications in judicial proceedings is "firmly established," especially where the same occurs in pleadings or in the actual trial or argument of a case as opposed to extra-judicial proceedings); *Todi v. Stursberg*, No. CIV. A. 01-2539, 2001 WL 1557517, at * (E.D. Pa. Dec. 4, 2001) ("The absolute judicial privilege extends to protect statements made in judicial proceedings regardless of the tort claimed") (citation omitted).

Second, Globe asserts the following against Square D: "The PLAINTIFF has intentionally disseminated false and misleading information concerning GLOBE, solely with the intention of inflicting damage upon GLOBE ... ." (Docket No. 159 at ¶37) (emphases in original). Attached to Globe's Counterclaim is the purported dissemination of "false and misleading information:" a press release from Square D Company dated December 10, 2007 and entitled "Globe Electric Supply Company Held in Contempt for Violating the Court's Order Barring it from Selling Square D Product." (Docket No. 159-3, Exh. A). This purported intentional misrepresentation fails for at least three reasons. First, Plaintiff fails to allege a false representation, material to the instant matter, contained in the December 10, 2007 press release. On the contrary, the press release merely yet *accurately* recounts a ruling from the Court dated November 14, 2007 and no where in the press release does Square D allege or accuse Globe of importing counterfeit circuit breakers from China,

6

as Globe asserts in its Amended Counterclaim.[6] Second, Plaintiff fails to allege justifiable reliance based on any false representation in the December 10, 2007 press release. Third, Plaintiff fails to allege an injury proximately caused by any reliance. *See Sun Company, Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 369 (E.D. Pa.1996) (quoting *Hurt v. Philadelphia Housing Authority*, 806 F.Supp. 515, 530 n.25 (E.D. Pa. 1992) ("There is a special kind of proximate cause requirement for fraud and misrepresentation, and plaintiff must demonstrate that a specific statement *caused* a specific harm")(emphasis in original). Globe's intentional misrepresentation counterclaim is void of any such demonstration let alone allegation between harm and Plaintiff's press release.

Accordingly, the Court finds that Globe has failed to plead with the required specificity under Rule 9(b) a claim for intentional misrepresentation and thus, the Court will grant Plaintiff's motion to dismiss as to the same.

2. *Tortious interference with existing or prospective business relations*

"The elements of a claim for tortious interference with existing and prospective contract are: (1) existence of a contract or prospective contract; (2) purposeful action specifically intended to harm the existing relationship or to prevent the relationship from occurring; (3) the absence of privilege or justification; and (4) actual damages." *Latuszewski v. Valic Financial Advisors, Inc.*, Civil Action No. 03-0540, 2007 WL 4462739, at *19 (W.D. Pa. Dec. 19, 2007) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 985 (Pa. Super. 1997)). Similar to its misrepresentation claim, while Globe fails to specify the nature of its counterclaim, i.e., existing versus prospective contractual relations,

---

[6] In point of fact, the word "China" does not appear in the press release.

the Court construes the same as pleading a claim for tortious interference with existing contractual relations. (*See* Docket No. 159 at ¶46) ("The business records of Globe reflect the existence of an on going business relationship for many years, rising to the level of a 'contractual' relationship, be it oral or de facto, wherein constant and continuing sales were made pursuant to purchase orders, invoices, payments received, shipments sent, all evidencing the contractual relationship").

Globe's counterclaim fails on a number of grounds. First, Defendant Globe fails to plead the existence of a contract with a specific third party. In its Amended Counterclaims, Globe only makes vague references to a purported contractual relationship, failing to even provide a name with whom the alleged relationship exists. *See Kelly-Springfield Tire Co. v. D'Ambro*, 596 A.2d 867, 872 (Pa. Super. 1991) (providing that a claim for intentional interference with existing contractual relations (as opposed to a claim for intentional interference with prospective relations) is susceptible to "definite, exacting identification"). Second, in its Amended Counterclaim, Defendant Globe asserts that its business "has been intentionally and improperly damaged due to its being wrongfully named herein and has had to expend monies on legal fees and in compliance with orders of the Court and demands of parties although SCOTT, and upon information and belief, the [P]laintiff SQUARE 'D' has no knowledge of GLOBE'S involvement in the sale, possession, and/or placing into commerce even one allegedly 'counterfeit' SQUARE 'D' PRODUCT." (Docket No. 159 at ¶45) (emphases in original). In other words, similarly to its counterclaim for intentional misrepresentation, the substance of Globe's counterclaim for tortious interference with alleged existing business relations stems from the allegations made in Plaintiff Square D's Second Amended Complaint against it. In the Court's view, the filing of Plaintiff's Second Amended Complaint cannot serve as the "purposeful action" underlying a counterclaim for tortious interference with contractual relations

8

filed by the same defendant. *See Simpler Consulting, Inc. v. Wall*, No. 2:05-cv-0452, 2007 WL 3252406, at *5 (W.D. Pa. Nov. 1, 2007) (providing that "the fact that Plaintiff filed a lawsuit does not give rise to a claim for intentional interference with a contractual relationship"). However, to the extent that the filing of a complaint can serve as the "purposeful action" for a counterclaim sounding in intentional interference with contractual relations, a point with which the Court has serious reservations, Globe has wholly failed to plead the absence of privilege or justification, which leads the Court to the third (and perhaps most significant) flaw in Globe's counterclaim. *See Todi, supra* (dismissing claim for tortious interference with prospective economic advantage based solely upon statements in a complaint as barred by the absolute judicial privilege).

## CONCLUSION

In conclusion, the Court reads Globe's "counterclaims" as substantive responses disputing the allegations in Square D's Second Amended Complaint best raised in a motion for summary judgment (or at trial, if need be) as opposed to separate and distinct causes of action. Accordingly, based on the foregoing, the Court **GRANTS** Square D Company's Motion to Dismiss Globe Electric's Amended Counterclaims [166] and the Court **DISMISSES** said claims with prejudice.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:  All counsel of record.

Date:   May 16, 2008.

9