# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SQUARE D COMPANY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 06-00459 |
| | ) Judge Nora Barry Fischer |
| SCOTT ELECTRIC COMPANY, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This matter is before the Court on Square D Company's Motion to Compel Deposition Testimony from Steven Mandel and Any Electric, LLC [188], filed by Plaintiff Square D Company on June 27, 2008. Plaintiff requests an order from this Court compelling Defendant Steven Mandel to re-appear for his deposition and answer questions relating to Square D's alter ego theory and its civil conspiracy claim, which, according to Square D, directly relate to personal jurisdiction over the Defendants Any Electric and Mandel. On July 3, 2008, Defendants Any Electric and Mandel (hereinafter, "Defendants") filed their Memorandum in Opposition to Plaintiff's Motion to Compel Deposition Testimony (Docket No. 192), in which they object to specific questions regarding the alter ego theory and all the questions regarding civil conspiracy.

### BACKGROUND

On November 28, 2007, with leave of Court, Square D filed its Second Amended Complaint, alleging (among other things) that Globe, Any Electric, and Mandel sold counterfeit circuit breakers in violation of the Lanham Act, including 15 U.S.C. §§ 1114 and 1125 and engaged in a civil conspiracy relating to the purchase and sale of counterfeit Square D circuit breakers. (Docket No. 116). On December 26, 2007, Globe filed its Verified Answer, Counterclaim and Cross Claim, (*see* Docket No. 125), and, after the Court dismissed without prejudice its counterclaims against Square

D, (*see* Docket No. 153), Globe filed another Verified Answer, Amended Counterclaim and Cross Claim, (*see* Docket No. 159).[1] On February 25, 2008, Any Electric and Mandel filed a Motion of Defendants Any Electric, LLC and Steven Mandel to Dismiss Plaintiff's Second Amended Complaint Under Rule 12(b)(2) for Lack of Personal Jurisdiction (Docket No. 155). In lieu of a response, on March 12, 2008, Square D filed a Motion for Leave to Conduct Discovery Regarding Personal Jurisdiction, (Docket No. 162), which the court granted on April 25, 2008 (Docket No. 178). The Court ordered that "Plaintiff Square D Company shall have until June 25, 2008, within which to conduct discovery (including paper and depositions) *limited* to the personal jurisdiction of Defendants Any Electric and Mandel." *Square D Co. v. Scott Elec. Co.*, Civil Action No. 06-00459, 2008 WL 1901400, at *3 (W.D. Pa. Apr. 25, 2008) (emphasis in original). The Court also set a briefing schedule as to Defendants' pending motion to dismiss. *Id.*

On or about June 16, 2008, Square D served two "Second Amended Notices of Deposition," one notice as to Defendant Steven Mandel and one notice as to "the person or persons designated by Any Electric, LLC to testify on its behalf" on subjects identified by Plaintiff Square D, with both depositions to be taken on June 18, 2008. Defendant Mandel appeared for his deposition both in his individual capacity and as a representative of Defendant Any Electric. (*See* Docket No. 188-3, Exh. B, at 6:12-9:14) ("Mandel Deposition").

**ANALYSIS**

At issue in the instant motion is the relevancy[2] of questions proposed by counsel for Plaintiff

---

[1] The Court subsequently dismissed with prejudice Globe's counterclaims against Square D. (*See* Docket No. 182).

[2] Under the liberal discovery rules, "[r]elevant information need not be admissible at the trial

to Defendant Mandel at his deposition, to which counsel for Defendants Any Electric and Mandel objected. Specifically, said questions related to (1) whether Any Electric was the alter ego of Globe, and (2) whether this Court may assert personal jurisdiction over Any Electric and Mandel on its civil conspiracy claim.[3]

As to questions related to alter ego, the Court finds that the specific questions posed by counsel for Plaintiff and objected to by counsel for Defendants Any Electric and Mandel comfortably fall within the permissible scope of inquiry delineated by the Court, i.e., personal jurisdiction over Defendants Any Electric and Mandel. *See Davlyn Mfg. Co., Inc. v. H&M Auto Parts, Inc.*, 414 F.Supp.2d 523, 531 (E.D. Pa. 2005) ("Where an individual or a corporation has insufficient contacts with the forum state to satisfy due process, a court may nonetheless exercise personal jurisdiction if the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction before that court"). However, as to questions related to civil conspiracy, considering *Santana Products, Inc. v. Bobrick Washroom Equipment*, 14 F.Supp. 2d 710, 718-19 (M.D. Pa. 1998), the Court finds that counsel for Plaintiff must tailor its questions related to civil conspiracy to Defendants' possible contacts with the Commonwealth of Pennsylvania.

Finally, Defendants Any Electric and Mandel assert that because Plaintiff did not disclose alter ego and civil conspiracy as possible avenues of personal jurisdiction to the Court, said theories

---

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

[3] The Court declines to reproduce all of the specific questions here, which Plaintiff summarized in its motion. (*See* Docket No. 188 at 5-7). However, the Court notes that said questions relate to the specified topics proposed by Plaintiff, i.e., alter ego and its civil conspiracy claim.

are beyond the scope of the Court's April 25, 2008 Order. The Court disagrees. First, how can Plaintiff Square D possibly know the theories upon which to base personal jurisdiction over Defendants Any Electric and Mandel before conducting jurisdictional discovery? In the Court's estimation, the point of conducting jurisdictional discovery is to discover said theories and facts supporting them, if any. Second, the Court's April 25, 2008 Order limited the depositions to personal jurisdiction, not to any particular theory of personal jurisdiction. It is of no import to this Court how (or, for that matter, if) Plaintiff establishes personal jurisdiction over Defendants Any Electric and Mandel. As such, the theories of alter ego and civil conspiracy fall underneath the personal jurisdiction umbrella set forth in the Court's April 25, 2008 Order, as do any other theories that would support a finding of personal jurisdiction over Defendants Any Electric and Mandel.

## CONCLUSION

Accordingly, based on the foregoing, the Court **GRANTS** Square D Company's Motion to Compel Deposition Testimony from Steven Mandel and Any Electric, LLC [188]. Any Electric and Steven Mandel shall re-appear for deposition and answer questions relating to (1) whether Any Electric was an alter ego of Globe, and (2) Defendants' knowledge (if any) of their participation in the alleged civil conspiracy involving Any Electric, Mandel and Globe as related to the Commonwealth of Pennsylvania, as well as *all* other questions related to personal jurisdiction over Any Electric and Steven Mandel. The parties shall agree on the date, time, and place of the second deposition; however, considering the pending Motion to Dismiss, counsel for Any Electric and Steven Mandel shall produce Mr. Mandel *as soon as reasonably possible*. Considering the Court's decision to streamline the questions relating to civil conspiracy (in accordance with counsel for Defendants' objections), the Court denies Square D's motion to the extent that it seeks costs and

4

attorneys' fees related to the instant motion and the attendance at multiple depositions.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: All counsel of record.

Date: July 7, 2008.